**In the Matter of K. Richard PAYNE.**

**No. 483S123.**

Supreme Court of Indiana.

Feb. 20, 1984.

Charles F. Leonard, Tremper, Bechert & Leonard, Fort Wayne, for respondent.

Sheldon A. Breskow, Executive Secretary, David B. Hughes, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission has filed a Verified Complaint for Disciplinary Action charging the Respondent, K. Richard Payne, with violating Disciplinary Rules 1–102(A)(1), (3), (4), (5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.* Thereafter the parties have entered into and tendered to this Court a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Ind.R.A.D. 23, Section 11(d). The Respondent has also submitted his affidavit in accordance with the provisions of Ind.R.A.D. 23, Section 17(a).

In accordance with the agreed statement of the parties, this Court finds that K. Richard Payne is a member of the Bar of the State of Indiana who maintains an office for the practice of law in Fort Wayne, Indiana. On or about February 22, 1980, the Respondent had an occasion to be in the office of Charles Blau, Assistant United States Attorney, in the Federal Building in Indianapolis, Indiana. While there, the Respondent observed and read an application for wiretap entitled *In re: The Matter of James Sims,* which was located in plain view on the desk of Charles Blau. On or about March 3, 1980, the Respondent telephoned a Francis Harkless, informed him that he had seen an application for wiretap intercept made out for Sims, and suggested that Harkless pass along the information "for whatever it's worth". Harkless was involved in selling small businesses, including liquor permits, under the name of Hoosier Business Exchange. The conversation between the Respondent and Harkless was recorded through an F.B.I. wiretap on Harkless' telephone. At the time the Respondent informed Harkless of the aforementioned information, he knew or should have known that said information was a part of an F.B.I. criminal investigation. In light of the foregoing findings and in accordance with the agreement of the parties, this Court concludes that the Respondent engaged in misconduct.

By passing along F.B.I. investigative information of an extremely sensitive nature, the Respondent has attempted to hinder the proper administration of justice; he has acted to frustrate the efforts of law enforcement officials. Such conduct is reprehensible when engaged in by laymen; it is more so when done by an attorney who is an officer of the court and is called on to play an integral part in the judicial process. In conclusion, this Court finds that, under the circumstances of this case, the agreed discipline, a suspension for a period of thirty (30) days, is warranted and should be approved.

IT IS, THEREFORE, ORDERED that the Respondent is suspended from the practice of law for a period of thirty (30) days beginning March 19, 1984.

Costs of this proceeding are assessed against the Respondent.